## In re BILL PERHAY CHEVROLET, INC., Debtor.

### Bankruptcy No. 91–71756.

United States Bankruptcy Court, C.D. Illinois.

Sept. 14, 1994.

George L. Chesley, Bloomington, IL, for debtor.

John N. Stevens, Bloomington, IL, for Farmer City State Bank.

### *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Debtor's Application for Approval of Final Distribution and for Final Decree Closing Case along with an Objection of Farmer City State Bank to the same.

Debtor recovered the sum of $14,804.49 from Ackerman Chevrolet as a result of a preferential transfer made by Debtor to Ackerman within the ninety-day period prior to the filing of Debtor's bankruptcy petition. The Bank held a perfected security interest in all of Debtor's "accounts" and "contract rights" pursuant to a UCC–1 Financing Statement. As a result of its security interest, the Bank claims in its Objection that because of its perfected security interest in "accounts" and/or "contract rights", the Bank is entitled to said proceeds.

Mindful of the split in authority on this issue, this Court embraces the analysis and the outcome of *In re Tek–Aids Industries, Inc.,* 145 B.R. 253 (Bankr.N.D.Ill.1992), wherein Judge Ginsberg, in addressing this very issue, stated as follows:

> The estate's causes of action for the preferences did *not* exist before the filing of the Chapter 11 petition. If the Debtor had never filed bankruptcy, none of the preference actions could ever have been brought by anybody (emphasis in original).
>
> . . . .
>
> (T)o rule otherwise would give *every* secured creditor with a properly perfected security interest in all of the Debtor's personal property a lien on recoveries by the Trustee in preference actions. This would not only defy logic, but would undermine the policy behind the avoidance powers as well (citation omitted). The estate's right to sue under § 547 is a special power Congress grants to the fiduciary in charge of the estate to implement the policy underlying the Code of fair and equal treatment of creditors (citation omitted). Allowing a prepetition blanket security interest to reach preference actions would be tantamount to giving a creditor additional collateral it would not have had if the debtor had not filed a bankruptcy petition or had a petition filed against it. Such a windfall contradicts any notion of fair and equal treatment among creditors (footnote omitted) (emphasis in original).

*Accord In re Van De Kamp's Dutch Bakeries,* 908 F.2d 517 (9th Cir.1990) (avoided fraudulent transfers preserved for the benefit of the estate). *Contra In re Figearo,* 79 B.R. 914 (Bankr.D.Nev.1987) (funds recovered in fraudulent conveyance action were subject to creditor's security interest.)

For the reasons set forth above, Debtor's Application for Approval of Final Distribution and for Final Decree Closing Case is hereby granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.